**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

HERBERT WHITE, JR.,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANS UNION, LLC

Defendants.

Civil Action No. 1:26-cv-1716

**COMPLAINT**

Plaintiff Herbert White, Jr. files this Complaint against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC. In support, he alleges as follows:

**PRELIMINARY STATEMENT**

1. Congress enacted the Fair Credit Reporting Act ("FCRA") to protect consumers from the devastating impacts of inaccurate credit reporting. S. Rep. No. 91-517, at 1 (1969) (explaining that the FCRA was intended to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report"); *see also Guimond v. Trans Union Credit Info.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (explaining that the FCRA was enacted "to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (citations omitted)).

2. The statute's express purpose is for "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. 1681(b).

3. Even so, inaccurate credit reporting is still a pervasive, long-standing issue for consumers. For example, in 2012, the FTC published a reporting finding that twenty percent of consumers who participated in its study had at least one error on their credit report.[1] Almost ten years later, the situation was even worse: a 2021 study found that more than 34 percent of surveyed consumers identified at least one error on their credit reports.[2]

4. Here, Mr. White's credit reports included a charged-off Republic Finance debt with an outstanding balance that Mr. White did not owe.

5. When Mr. White disputed this inaccurate information with the Defendants and provided proof demonstrating that he did not owe the debt, each of the Defendants failed to adequately investigate his disputes or update the inaccurate entries on his credit reports.

6. As a result, Mr. White alleges that each of the Defendants violated the FCRA, § 1681e(b), by failing to reasonably ensure the maximum possible accuracy of his credit reports. *See Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011) (breaking down the requirements of § 1681e(b) and explaining that "'assure' means to make sure or certain: put beyond all doubt, 'maximum' means the greatest in quantity or highest degree

---

[1] *See* Fed. Trade Comm'n, *Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003*, at 64 (Dec. 2012), https://www.ftc.gov/sites/default/files/documents/reports/section-319-fair-and-accuratecredit-transactions-act-2003-fifth-interim-federal-trade-commission/130211factareport.pdf.

[2] *See* Syed Ejaz, Consumer Reports, *A Broken System: How the Credit Reporting System Fails Consumers and What to Do About It* (June 10, 2021), https://advocacy.consumerreports.org/wp-content/uploads/2021/06/A-Broken-System-How-the-Credit-Reporting-System-Fails-Consumers-and-What-to-Do-About-It.pdf.

attainable, and 'possible' means something falling within the bounds of what may be done, occur or be conceived" (cleaned up) (quoting *Webster's Third New International Dictionary* 133, 1396, 1771 (1993))).

7. Mr. White also alleges that each of the Defendants violated the FCRA, §1681i, by failing to fully investigate his disputes.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because Mr. White resides in this District and Division, and a substantial part of the events giving rise to Mr. White's claims occurred here.

**PARTIES**

10. Plaintiff Herbert White, Jr. is a natural person residing in this District and Division.

11. Defendant Equifax is a foreign limited liability company with a principal place of business in Atlanta, Georgia. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

12. Defendant Experian is a foreign corporation with a principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. Defendant Trans Union is a foreign limited liability company with a principal place of business in Chicago, Illinois. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

**FACTS**

14. In October 2024, Republic Finance sued Mr. White in Fairfax County General District Court (Case No. GV24023348-00) for a loan it contended that he owed.

15. Republic Finance's lawsuit against Mr. White was dismissed with prejudice.

16. In September 2025, after the lawsuit was dismissed, Mr. White checked his credit reports and saw that the Republic Finance account was still reporting as a charged-off account with a past due balance of more than $5,000.

17. This reporting was inaccurate. Mr. White did not owe Republic Finance any money for this account following the lawsuit.

18. Mr. White disputed the Republic Finance account with Equifax, Experian, and Trans Union in September 2025. He explained that he did not owe Republic Finance any money and that the court case against him had been dismissed with prejudice.

19. Upon information and belief, Equifax, Experian, and Trans Union forwarded Mr. White's dispute to Republic Finance.

20. Upon information and belief, in response to Mr. White's dispute, Republic Finance performed a cursory review of its records and verified its previous inaccurate reporting.

21. Rather than contact Fairfax County General District Court for additional information, Equifax, Experian, and Trans Union relied entirely on Republic Finance's response to Mr. White's dispute.

22. As a result, the inaccurate information continued to report on Mr. White's credit reports.

23. Mr. White sent three follow-up disputes to Experian, Equifax, and Trans Union in November 2025 and January 2025. Each of these follow-up disputes again explained that Mr. White didn't owe any money to Republic Finance and attached the docket summary sheet showing that the Republic Finance lawsuit against him had been dismissed with prejudice.

24. Experian, Experian and Trans Union again used the same defective investigation process to "investigate" and respond to Mr. White's disputes—instead of reviewing the proof that Mr. White attached to his disputes, they merely relied on the furnisher, Republic Finance, to investigate and respond to the disputes.

25. As a result, when Experian, Equifax, and Trans Union received Republic Finance's dispute responses that the previous reporting was correct, they did not update Mr. White's credit reports to remove the inaccurate information from his reports. As a result, Mr. White's credit reports continued to report the inaccurate Republic Finance account.

26. As a result of Defendants' conduct, Mr. White has suffered actual damages including credit denials, a reduced credit score, inability to obtain credit, embarrassment, humiliation, and emotional distress.

***Defendants' Investigations Willfully Violated the FCRA***

27. As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite several court decisions admonishing this practice. *See, e.g.*, *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

28. Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation" results once Republic Finance verified the status of the account. Equifax, Experian, and Trans Union did not take any extra actions to verify the accuracy of the information that the furnisher provided them.

29. Instead, Equifax, Experian, and Trans Union blindly accepted the furnisher's version of the facts and continued to report the inaccurate, derogatory information on Mr. White's credit report.

30. Equifax, Experian, and Trans Union continue the practice of parroting the furnishers' response despite several lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation under the FCRA.

31. Equifax, Experian, and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

32. As a result, at all times relevant to this Complaint, Defendants' conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. For example, their conduct was willful because they ran a risk of harm that was known, or so obvious it should have been known, by failing to adequately investigate consumer disputes or implement any procedure to identify and correct these common errors before furnishing reports.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)

33. Mr. White incorporates the preceding allegations.

34. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. White's credit reports and credit files that they published and maintained.

35. Because of Defendants' conduct, Mr. White suffered actual damages, including, without limitation, credit denials, a reduced credit score, inability to obtain credit, embarrassment, humiliation, and emotional distress.

36. Defendants' conduct in violating § 1681e(b) was willful, rendering them liable to Mr. White for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

37. In the alternative, the Defendants were negligent, entitling Mr. White to a recovery under 15 U.S.C. § 1681o.

**COUNT TWO:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681i**

38. Mr. White incorporates the preceding allegations.

39. Defendants violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide the furnishers with all the relevant information about Mr. White's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Mr. White in violation of §1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate items of information from Mr. White's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

40. Because of Defendants' violations of §1681i, Mr. White suffered actual damages, including, but not limited to, credit denials, a reduced credit score, inability to obtain credit, embarrassment, humiliation, and emotional distress.

41. Defendants' violations of § 1681i were willful, rendering them liable to Mr. White for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

42. In the alternative, the Defendants were negligent, entitling Mr. White to a recovery under 15 U.S.C. § 1681o.

WHEREFORE, Mr. White moves for statutory, actual, and punitive damages as pleaded, as well as his attorneys' fees and costs against each of the Defendants; for prejudgment and post-judgment interest at the legal rate, and any other relief the Court considers appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,
**HERBERT WHITE, JR.**

*/s/ Kristi C. Kelly*

Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
J. Patrick McNichol, VSB #92699
Matthew G. Rosendahl, VSB #93738
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
Email: pat@kellyguzzo.com
Email: matt@kellyguzzo.com
*Counsel for Plaintiff*