IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| HERBERT WHITE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,<br><br>Defendants. | Case No. 1:26-cv-01716-AJT-LRV |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

Congress enacted the Fair Credit Reporting Act ("FCRA") to protect consumers from the devastating impacts of inaccurate credit reporting. S. Rep. No. 91-517, at 1 (1969) (explaining that the FCRA was intended to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report"); *see also Guimond v. Trans Union Credit Info*., 45 F.3d 1329, 1333 (9th Cir. 1995) (explaining that the FCRA was enacted "to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (citations omitted)).

**ANSWER:**

Equifax states that the Congressional report and judicial opinion referenced by this paragraph speak for themselves, and to the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶2:**

The statute's express purpose is for "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. 1681(b).

**ANSWER:**

Equifax states that the statutory provision referenced by this paragraph speaks for itself, and to the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶3:**

Even so, inaccurate credit reporting is still a pervasive, long-standing issue for consumers. For example, in 2012, the FTC published a reporting finding that twenty percent of consumers who participated in its study had at least one error on their credit report.[1] Almost ten years later, the situation was even worse: a 2021 study found that more than 34 percent of surveyed consumers identified at least one error on their credit reports.[2]

**ANSWER:**

Equifax states that the agency publication referenced by this paragraph speaks for itself, and to the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶4:**

Here, Mr. White's credit reports included a charged-off Republic Finance debt with an outstanding balance that Mr. White did not owe.

---

[1] *See* Fed. Trade Comm'n, *Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003*, at 64 (Dec. 2012), https://www.ftc.gov/sites/default/files/documents/reports/section-319-fair-and-accurate credit-transactions-act-2003-fifth-interim-federal-trade-commission/130211factareport.pdf.
[2] *See* Syed Ejaz, Consumer Reports, *A Broken System: How the Credit Reporting System Fails Consumers and What to Do About It* (June 10, 2021), https://advocacy.consumerreports.org/wp-content/uploads/2021/06/A-Broken-System-How-the-Credit-Reporting-System-Fails-Consumers-and-What-to-Do-About-It.pdf.

**ANSWER:**

Equifax denies that the FCRA defines the term "credit report," and, therefore, denies that allegation. Equifax admits that, at one point in time, Plaintiff's Equifax credit file included a charged-off Republic Finance account. The remaining allegations in this paragraph constitute a legal averment to which no response is required. To the extent a response is required, Equifax states that, at the time of the filing of this Answer, it is without knowledge or information sufficient to form a belief as to the truth of those allegations. Equifax denies that its response to the allegations in this paragraph may be construed as an admission regarding its knowledge at the time of any reinvestigation of a dispute submitted by Plaintiff or someone acting on his behalf.

**COMPLAINT ¶5:**

When Mr. White disputed this inaccurate information with the Defendants and provided proof demonstrating that he did not owe the debt, each of the Defendants failed to adequately investigate his disputes or update the inaccurate entries on his credit reports.

**ANSWER:**

Equifax admits that it receive disputes from Plaintiff or someone acting on his behalf, which speak for themselves. To the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied. Equifax denies the remaining allegations in this paragraph as they relate to Equifax.

**COMPLAINT ¶6:**

As a result, Mr. White alleges that. each of the Defendants violated the FCRA, § 1681e(b), by failing to reasonably ensure the maximum possible accuracy of his credit reports. *See Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011) (breaking down the requirements of § 1681e(b) and explaining that 'assure' means to make sure or certain: put beyond all doubt, 'maximum' means the greatest in quantity or highest degree attainable, and 'possible' means something falling within the bounds of what may be done, occur or be conceived" (cleaned up) (quoting *Webster's Third New International Dictionary* 133, 1396, 1771 (1993))).

**ANSWER:**

Equifax states that the judicial opinion referenced by this paragraph speaks for itself, and to the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied. Equifax denies the remaining allegations in this paragraph as they relate to Equifax.

**COMPLAINT ¶7:**

Mr. White also alleges that each of the Defendants violated the FCRA, §1681i, by failing to fully investigate his disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph as they relate to Equifax.

**JURISDICTION AND VENUE**

**COMPLAINT ¶8:**

This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

**ANSWER:**

Equifax admits that, to the extent Plaintiff has properly alleged his claims, this Court may exercise its jurisdiction.

**COMPLAINT ¶9:**

Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because Mr. White resides in this District and Division, and a substantial part of the events giving rise to Mr. White's claims occurred here.

**ANSWER:**

Equifax does not contest venue for this case only.

**PARTIES**

**COMPLAINT ¶10:**

Plaintiff Herbert White, Jr. is a natural person residing in this District and Division.

**ANSWER:**

Upon information and belief, Equifax admits the allegations int his paragraph.

**COMPLAINT ¶11:**

Defendant Equifax is a foreign limited liability company with a principal place of business in Atlanta, Georgia. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax admits that it is a Georgia limited liability company with a principal place of business in Atlanta, Georgia. Equifax admits that some of its business activities meet the definition of consumer reporting agency set forth in the FCRA, and admits that allegation as to those activities only.

**COMPLAINT ¶12:**

Defendant Experian is a foreign corporation with a principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

The allegations in this paragraph are not directed toward Equifax, and, therefore, no response is required.

**COMPLAINT ¶13:**

Defendant Trans Union is a foreign limited liability company with a principal place of business in Chicago, Illinois. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 168 la(f).

**ANSWER:**

The allegations in this paragraph are not directed toward Equifax, and, therefore, no response is required.

**FACTS**

**COMPLAINT ¶14:**

In October 2024, Republic Finance sued Mr. White in Fairfax County General District Court (Case No. GV24023348-00) for a loan it contended that he owed.

**ANSWER:**

Equifax states that the court proceedings referenced by this paragraph speak for themselves, and to the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶15:**

Republic Finance's lawsuit against Mr. White was dismissed with prejudice.

**ANSWER:**

Equifax states that the court proceedings referenced by this paragraph speak for themselves, and to the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶16:**

In September 2025, after the lawsuit was dismissed, Mr. White checked his credit reports and saw that the Republic Finance account was still reporting as a charged-off account with a past due balance of more than $5,000.

**ANSWER:**

Equifax denies that the FCRA defines the term "credit report," and, therefore, denies that allegation. Equifax admits that, at one point in time, Plaintiff's Equifax credit file included a charged-off Republic Finance account. The remaining allegations in this paragraph constitute a legal averment to which no response is required. To the extent a response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of those allegations.

**COMPLAINT ¶17:**

This reporting was inaccurate. Mr. White did not owe Republic Finance any money for this account following the lawsuit.

**ANSWER:**

The allegations in this paragraph constitute a legal averment to which no response is required. To the extent a response is required, Equifax states that, at the time of the filing of this Answer, it is without knowledge or information sufficient to form a belief as to the truth of those allegations. Equifax denies that its response to the allegations in this paragraph may be construed as an admission regarding its knowledge at the time of any reinvestigation of a dispute submitted by Plaintiff or someone acting on his behalf.

**COMPLAINT ¶18:**

Mr. White disputed the Republic Finance account with Equifax, Experian, and Trans Union in September 2025. He explained that he did not owe Republic Finance any money and that the court case against him had been dismissed with prejudice.

**ANSWER:**

Equifax admits that it receive disputes from Plaintiff or someone acting on his behalf, which speak for themselves. To the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied. Equifax denies the remaining allegations in this paragraph as they relate to Equifax.

**COMPLAINT ¶19:**

Upon information and belief, Equifax, Experian, and Trans Union forwarded Mr. White's dispute to Republic Finance.

**ANSWER:**

Equifax admits that, as part of its reinvestigation, it contacted Republic Finance via the industry-standard ACDV process.

**COMPLAINT ¶20:**

Upon information and belief, in response to Mr. White's dispute, Republic Finance performed a cursory review of its records and verified its previous inaccurate reporting.

**ANSWER:**

Equifax admits it received an ACDV response from Republic Finance, which speaks for itself. To the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶21:**

Rather than contact Fairfax County General District Court for additional information, Equifax, Experian, and Trans Union relied entirely on Republic Finance's response to Mr. White's dispute.

**ANSWER:**

Equifax admits that, as part of its reinvestigation, it contacted Republic Finance via the industry-standard ACDV process, but denies that was the sum total of its reinvestigation.

**COMPLAINT ¶22:**

As a result the inaccurate information continued to report on Mr. White's credit reports.

**ANSWER:**

Equifax denies that the FCRA defines the term "credit report," and, therefore, denies that allegation. Equifax admits that it prepare reinvestigation results, which speak for themselves. To the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶23:**

Mr. White sent three follow-up disputes to Experian, Equifax, and Trans Union in November 2025 and January 2025. Each of these follow-up disputes again explained that Mr. White didn't owe any money to Republic Finance and attached the docket summary sheet showing that the Republic Finance lawsuit against him had been dismissed with prejudice.

**ANSWER:**

Equifax admits that it receive disputes from Plaintiff or someone acting on his behalf, which speak for themselves. To the extent that Plaintiff misstates, misquotes, misuses,

mischaracterizes, or takes out of context the contents thereof those allegations are denied. Equifax denies the remaining allegations in this paragraph as they relate to Equifax.

**COMPLAINT ¶24:**

Experian, Experian and Trans Union again used the same defective investigation process to "investigate" and respond to Mr. White's disputes—instead of reviewing the proof that Mr. White attached to his disputes, they merely relied on the furnisher, Republic Finance, to investigate and respond to the disputes.

**ANSWER:**

Equifax admits that, as part of its reinvestigation, it contacted Republic Finance via the industry-standard ACDV process, but denies that was the sum total of its reinvestigation.

**COMPLAINT ¶25:**

As a result, when Experian, Equifax, and Trans Union received Republic Finance's dispute responses that the previous reporting was correct, they did not update Mr. White's credit reports to remove the inaccurate information from his reports. As a result, Mr. White's credit reports continued to report the inaccurate Republic Finance account.

**ANSWER:**

Equifax denies that the FCRA defines the term "credit report," and, therefore, denies that allegation. Equifax admits that it prepare reinvestigation results, which speak for themselves. To the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶26:**

As a result of Defendants' conduct, Mr. White has suffered actual damages including credit denials, a reduced credit score, inability to obtain credit, embarrassment, humiliation, and emotional distress.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

***Defendants' Investigations Willfully Violated the FCRA***

**COMPLAINT ¶27:**

As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite several court decisions admonishing this practice. *See, e.g., Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230-31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

**ANSWER:**

Equifax states that the judicial opinions referenced by this paragraph speak for themselves, and to the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes or takes out of context the contents thereof those allegations are denied. Equifax denies the remaining allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶28:**

Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation" results once Republic Finance verified the status of the account. Equifax, Experian, and Trans Union did not take any extra actions to verify the accuracy of the information that the furnisher provided them.

**ANSWER:**

Equifax admits that, as part of its reinvestigation, it contacted Republic Finance via the industry-standard ACDV process, but denies that was the sum total of its reinvestigation. Equifax denies the remaining allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶29:**

Instead, Equifax, Experian, and Trans Union blindly accepted the furnisher's version of the facts and continued to report the inaccurate, derogatory information on Mr. White's credit report.

**ANSWER:**

Equifax admits that, as part of its reinvestigation, it contacted Republic Finance via the industry-standard ACDV process, but denies that was the sum total of its reinvestigation. Equifax denies the remaining allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶30:**

Equifax, Experian, and Trans Union continue the practice of parroting the furnishers' response despite several lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation under the FCRA.

**ANSWER:**

Equifax states that the judicial opinions alluded to by this paragraph speak for themselves, and to the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes or takes out of context the contents thereof those allegations are denied. Equifax admits that, as part of its reinvestigation, it contacted Republic Finance via the industry-standard ACDV process, but denies that was the sum total of its reinvestigation. Equifax denies the remaining allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶31:**

Equifax, Experian, and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

**ANSWER:**

Equifax states that the allegation that it does "not intend to modify [its] dispute-processing procedures because doing so would drastically increase [its] operating expenses" necessarily contains within it an unstated allegation regarding the nature of the modifications that it allegedly does not intend to undertake, without actually identifying that nature, and, therefore, as phrased, the precise nature of the allegation is insufficiently clear. Equifax denies the remaining allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶32:**

As a result, at all times relevant to this Complaint, Defendants' conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. For example, their conduct was willful because they ran a risk of harm that was known, or so obvious it should have been known, by failing to adequately investigate consumer disputes or implement any procedure to identify and correct these common errors before furnishing reports.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)

**COMPLAINT ¶33:**

Mr. White incorporates the preceding allegations.

**ANSWER:**

Equifax incorporates the preceding responses.

**COMPLAINT ¶34:**

Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. White's credit reports and credit files that they published and maintained.

**ANSWER:**

Denied.

**COMPLAINT ¶35:**

Because of Defendants' conduct, Mr. White suffered actual damages, including, without limitation, credit denials, a reduced credit score, inability to obtain credit, embarrassment, humiliation, and emotional distress.

**ANSWER:**

Denied.

**COMPLAINT ¶36:**

Defendants' conduct in violating § 1681e(b) was willful, rendering them liable to Mr. White for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

**ANSWER:**

Denied.

**COMPLAINT ¶37:**

In the alternative, the Defendants were negligent, entitling Mr. White to a recovery under 15 U.S.C. § 1681o.

**ANSWER:**

Denied.

**COUNT TWO:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681i**

**COMPLAINT ¶38:**

Mr. White incorporates the preceding allegations.

**ANSWER:**

Equifax incorporates the preceding responses.

**COMPLAINT ¶39:**

Defendants violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide the furnishers with all the relevant information about Mr. White's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Mr. White in violation of §1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate items of information from Mr. White's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

**ANSWER:**

Denied.

**COMPLAINT ¶40:**

Because of Defendants' violations of §1681i, Mr. White suffered actual damages, including, but not limited to, credit denials, a reduced credit score, inability to obtain credit, embarrassment, humiliation, and emotional distress.

**ANSWER:**

Denied.

**COMPLAINT ¶41:**

Defendants' violations of § 1681i were willful, rendering them liable to Mr. White for actual damages, statutory damages, punitive damages, costs, and attorneys' fees under 15 U.S.C. § 1681n.

**ANSWER:**

Denied.

**COMPLAINT ¶42:**

In the alternative, the Defendants were negligent, entitling Mr. White to a recovery under 15 U.S.C. § 1681o.

**ANSWER:**

Denied.

WHEREFORE, Mr. White moves for statutory, actual, and punitive damages as pleaded, as well as his attorneys' fees and costs against each of the Defendants; for prejudgment and post-judgment interest at the legal rate, and any other relief the Court considers appropriate.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any of the relief sought from Equifax in the WHEREFORE paragraph, including all subparts

**PLAINTIFF DEMANDS A JURY TRIAL.**

**ANSWER:**

Equifax admits that Plaintiff demands a trial by jury. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2) it be dismissed as a party to this action; and

(3) it recover such other and additional relief as the Court deems just and appropriate.

DATED: August 24, 2026

Respectfully submitted,

TRAYLOR, MONTGOMERY & ELLIOTT, PC

By: *\/s/ John W. Montgomery, Jr.*

John W. Montgomery, Jr.
VSB No. 37149
Counsel for Equifax Information Services, LLC
Traylor, Montgomery & Elliott, PC
130 E. Wythe Street
Petersburg, Virginia 23803
Telephone: (804) 861-1122
Facsimile: (804) 733-6022

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John W. Montgomery, Jr.*
John W. Montgomery, Jr.
*Counsel for Defendant*
*Equifax Information Services LLC*